·KLING v. MALONEY

(December 12, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Landlord and Tenant Par. 45; Appeal—Par. 625.

Abrogation of leases is not favored except in extreme cases and where there is no manifest error of the trial judge on the question of fact as to defects in the rented house, the judgment will be affirmed.

Appeal from the Civil District Court, Division "A". Hon. H. C. Cage, Judge.

Action by Mrs. Edna M. Kling, et al., against Mrs. W. C. Maloney, et al.

There was judgment for defendant and the plaintiff appealed.

Judgment affirmed.

Joseph H. Brewer, of New Orleans, attorney for plaintiff, appellant.

M. C. Scharff, of New Orleans, attorney for defendant, appellee.

JONES, J. On October 13, 1923, the plaintiff, Mrs. Kling, as agent of her husband, leased from the defendant, Mrs. Maloney through Matthews Brothers, as agents, half of a double house in the City of New Orleans, designated as No. 2264 Carondelet Street, for the term of eleven and one-half months, commencing on October 15, 1923, at a monthly rental of forty dollars ($40.00) per month. This lease was in writing and is filed in the record as a part of the plaintiffs' petition.

Plaintiffs, that is Mrs. Kling and her husband, allege in their petition that, at the time Messrs. Matthews Brothers, as agents of the defendant, Mrs. Maloney, rented the premises to Mrs. Kling, they represented to her that the premises were in good condition and repair and were fit for human occupation as a residence, and that these representations were false and fraudulent, as it subsequently developed that the plumbing was out of order, and the roof leaked causing damage and inconvenience to the plaintiffs, and despite their demands for repairs, neither Matthews Brothers nor the owner, Mrs. Maloney, gave the matters attention, and that by reason thereof the plaintiffs are entitled to a cancellation of the lease and a return of the immatured rent notes.

Both the owner of the leased premises, Mrs. Maloney and her agents, Matthews Brothers, were made defendants, and each of these defendant filed exceptions of no cause of action. The exceptions of Matthews Brothers were maintained and those of Mrs. Maloney overruled. The cause was tried upon its merits and from a judgment in favor of the defendant, dismissing plaintiffs' suit as in case of non-suit, at their cost, the plaintiffs prosecute the present appeal.

Plaintiffs and two roomers swear that the roof leaked so badly in a room downstairs and one upstairs that they had to place pans to catch the water, but the paper and plastering was ruined. A neighbor and two visitors confirm above witnesses to the extent of saying that they saw during a rain, pans on the floor of these two rooms (presumably placed there to catch the dripping water); they differ somewhat as to where these pans were placed and how bad the leaks were.

When this case was tried on April 29, 1925, one of plaintiffs' witnesses, Rigny by name, testified that he had moved into the premises on September 1, 1924, was still living there and during the entire eight months there had been no leaks whatever.

Miss Maloney, agent for her mother, testified that no repairs had been made to the roof since plaintiffs moved out in May, 1924.

Buhler, a paper hanger, testified he had papered the downstairs rooms, one of which was said to be the worst for leaking, in the summer of 1924 after plaintiffs moved out, had removed the paper, which was at least five years old, but had seen no signs of discoloration by leaks anywhere.

A roof repairer swears he repaired the roof on December 9, 1923, and defendant offered a receipted bill for this work.

It would serve no useful purpose to analyze the voluminous evidence, as the witnesses for plaintiffs and defendants contradict each other flatly. It suffices to say that as the question is one of fact and the most careful study of the entire record discloses no manifest error in the decision of the trial judge, his decision will be affirmed. Our courts are and always have been loath to cancel leases.

In the case of Meyers & Bro. vs. W. H. Henderson, 49 An. 1547, the Supreme Court said:

"The abrogation of leases is not favored except in extreme cases."

See also Dussau vs. Husband, 6 La. An. 279.

Denman vs. Lopez, 12 La. An. 823.

For above reasons the judgment is affirmed.